**FILED - MQ**

July 16, 2018 12:48 PM

Thomas L. Dorwin, CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:   mlc/     Scanned

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**2:18-cr-27**
Paul L. Maloney, US District Judge

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANTHONY ARCHIE EMERY,
GLENN DANIEL TOLONEN, and
DAVID W. MADOSH,

**CLASS A MISDEMEANOR
INFORMATION**

Defendants.

_____/

The United States Attorney charges:

## (Conspiracy to Transport and Sell Illegal Fish, and Make and Submit False Records for Such Fish 18 U.S.C. § 371)

Between approximately August 22, 2012, and October 19, 2013, in Baraga

County, in the Western District of Michigan, Northern Division, and elsewhere,

the defendants,

**ANTHONY ARCHIE EMERY,
GLENN DANIEL TOLONEN, and
DAVID W. MADOSH,**

knowingly and intentionally combined, conspired, confederated, and agreed with

each other and others, known and unknown,

(a) to sell fish, including but not limited to lean lake trout, lake sturgeon,

walleye, brown trout, brook trout, and rainbow trout, knowing that these

fish were taken, transported and possessed in violation of Indian tribal law

1

(Keeweenaw Bay Indian Community Tribal Code of Law §§ 10.201, 10.258,

10.259, 10.260 and 10.263), all in violation of 16 U.S.C. §§ 3372(a)(1) and

3373(d)(2), and

(b) to knowingly make and submit false records and accounts for, and false

identifications of, fish, specifically walleye, lake sturgeon, lean lake trout,

brown trout, rainbow trout, brook trout, and whitefish, that were intended

to be transported in interstate commerce, in violation of 16 U.S.C. §§

3372(d)(2) and 3373(d)(3)(B),

and did one or more acts to effect the object of the conspiracy.

### Introduction

At all times relevant to this Misdemeanor Information:

1.    ANTHONY ARCHIE EMERY (hereafter "EMERY") was a resident of

Green Bay, Wisconsin, and a registered member of the Keweenaw Bay Indian

Community ("KBIC"), a federally-recognized Indian tribe. EMERY held

commercial fishing licenses issued by the KBIC.

2.    GLENN DANIEL TOLONEN ("TOLONEN") was a resident of

Baraga, Michigan. TOLONEN was a registered member of the KBIC and assisted

EMERY with catching, transporting, processing, and selling the fish they

harvested.

3.    DAVID W. MADOSH ("MADOSH") was a resident of L'Anse,

Michigan. MADOSH was a registered member of the KBIC and assisted EMERY

with catching, transporting, processing, and selling the fish they harvested.

2

4. The KBIC Tribal Code of Law ("KBIC Tribal Code") prohibited any holder of a KBIC commercial fishing license from catching for commercial purposes, and selling, a fish that was not a commercial species. KBIC Tribal Code, § 10.263. Commercial species included lean lake trout and whitefish, but did not include lake sturgeon, walleye, brook trout, rainbow trout, or brown trout. KBIC Tribal Code § 10.201. Incidental catch of up to two lake sturgeon per license year was allowed, provided the lake sturgeon was at least fifty inches long. All lake sturgeon taken by a commercial fisher were required to be registered and tagged with the KBIC Licensing Clerk. KBIC Tribal Code § 10.259.

5. The KBIC Tribal Code also prohibited any holder of a KBIC commercial fishing license from taking or possessing, for commercial use, any lake trout or whitefish less than 17 inches long. KBIC Tribal Code § 10.259.

6. The KBIC Tribal Code prohibited off-reservation commercial fishing for whitefish and lean lake trout between November 1 and November 27 of each year. KBIC Tribal Code § 10.258.

7. The KBIC further regulated its licensed commercial fishers through tagging and recordkeeping requirements. The amount of lean lake trout fishers could take was restricted by issuing to each fisher a limited number of tags per year, and requiring that a tag be affixed to each lean lake trout before the fish were transported from the water's edge. KBIC Trial Code § 10.260. Fishers also had to submit each month a catch report documenting, among other things, the poundage of each fish species caught and sold and the location of the net on a statistical grid, for each day of fishing. KBIC Trial Code § 10.253.

3

8.     Federal law made it a crime for any person to knowingly sell any fish knowing the fish was taken, possessed, or transported in violation of any Indian tribal law. 16 U.S.C. §§ 3372(a)(1), 3373(d)(2).

9.     Federal law also made it a crime for any person to knowingly make or submit any false record or account for, or any false identification of, any fish which was intended to be transported in interstate commerce. 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(B).

## Object of the Conspiracy

10.     It was the object of the conspiracy to make money from the illegal sale of illegally taken, transported, and possessed fish.

## Manner and Means of the Conspiracy

11.     As part of the conspiracy, the defendants knowingly took and possessed in Indian Country, lake trout and whitefish less than seventeen inches long.

12.     The defendants knowingly over-fished and failed to tag lean lake trout in Indian country, and transported untagged lean lake trout in Indian country.

13.     The defendants knowingly caught for commercial purposes and sold, in Indian country, non-commercial fish species, including lake sturgeon, walleye, brook trout, rainbow trout, and brown trout.

14.     The defendants knowingly sold to a fish wholesaler in Indian country fish that were taken, possessed, and transported in Indian country in violation of KBIC tribal laws as described above.

4

15.     The defendants acquired invoices for these sales that concealed the sale of non-commercial fish species by identifying the fish as commercial species, such as salmon.

16.     The defendants knowingly took fish, including lake trout and whitefish, from nets set in waters closed to fishing and sold the fish to a wholesaler that they knew intended to transport the fish in interstate commerce.

17.     EMERY knowingly made monthly catch reports that he knew omitted fish and falsely reported the species, poundage, and harvest location of fish and submitted the false catch reports to the KBIC.

### Overt Acts in Furtherance of the Conspiracy

18.     Between approximately August 22, 2012, and October 19, 2013, within the Western District of Michigan, the defendants did at least one of the following overt acts to effect the object of the conspiracy:

a.     made approximately 102 separate sales of fish taken, possessed and transported in violation of Indian tribal law in Indian country, including approximately 4,907 pounds of untagged lean lake trout and approximately 533 pounds of walleye, each of which constitutes an overt act.

b.     made and submitted false records and accounts for, and false identifications of, fish, including at various times lake sturgeon, walleye, lake trout, whitefish, rainbow trout, brook trout and brown trout, in approximately 13 monthly catch reports they submitted to the KBIC, each of which constitutes an overt act.

18 U.S.C. § 371
16 U.S.C. § 3372(a)(1)
16 U.S.C. § 3372(d)(2)
16 U.S.C. § 3373(d)(2)
16 U.S.C. § 3373(d)(3)(B)

ANDREW BYERLY BIRGE
United States Attorney

Date: July 16, 2018

/s/ *Maarten Vermaat*

MAARTEN VERMAAT
Assistant United States Attorney

Date: July 16, 2018

/s/ *Elinor Colbourn*

ELINOR COLBOURN
Senior Counsel
Environmental Crimes Section
Environment and Natural Resources
Division
U.S. Department of Justice

6